924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marie NEAG, Plaintiff-Appellant,
v.
WARREN CITY SCHOOL DISTRICT BOARD OF EDUCATION, Defendant-Appellee.
 No. 90-3119.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before WELLFORD* and ALAN E. NORRIS, Circuit Judges, and BALLANTINE**, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Marie Neag, filed a civil rights complaint against defendant, Warren City School District Board of Education (the Board), for age and sex discrimination in employment, pursuant to 29 U.S.C. Sec. 612 and Title VII. She amended her original complaint with a demand for jury trial as to the age discrimination claims. Neag moved the district court for a judgment on the pleadings with respect to one of the age discrimination claims, which was denied after the Board had countered with a motion for judgment and brief in opposition. The parties then agreed by stipulation to refer the action to a magistrate for further proceedings, and Neag waived her jury demand. The stipulation provided that the magistrate consider and rule on pending motions for summary judgment. The School District did not respond nor did the magistrate rule on the motion. The bench trial by the magistrate then began without a ruling on the summary judgment motion.
 
 
 2
 The magistrate entered judgment for the Board and dismissed the complaint on the merits. Neag made a motion for a new trial on the ground that the magistrate's "continuous commentary and interrogation of the witnesses" deprived her of a fair and impartial trial. Neag also stated in her motion that she would submit affidavits in support of the motion. The magistrate summarily dismissed the motion for new trial without findings or awaiting plaintiff's indicated submission of affidavits.
 
 
 3
 Neag argues on appeal that she was denied a fair and impartial trial because the magistrate did not act as a fair and neutral arbiter. In support of her contention, Neag asserts:
 
 
 4
 (1) the magistrate "took over the questioning and cross-examination of witnesses, and made constant remarks and comments about the witnesses and testimony";
 
 
 5
 (2) the magistrate erred in prohibiting her from testifying relative to an "important document";
 
 
 6
 (3) the magistrate refused to rule upon Neag's motion for summary judgment;
 
 
 7
 (4) the magistrate disregarded Neag's "fundamental right to subpoena" a witness;
 
 
 8
 (5) the magistrate, clerk, and bailiff were obviously biased toward Neag; and
 
 
 9
 (6) the magistrate improperly participated in ex parte communications with opposing counsel.
 
 
 10
 Because of the foregoing contentions, Neag argues that the magistrate improperly denied her motion for a new trial. We look first to the question whether the magistrate acted improperly in overruling the motion for new trial.
 
 
 11
 In the motion for a new trial, Neag presented only one ground: the magistrate "abandoned his proper role as a judge and, in effect, became one of the counsel for the defense." Although Neag now presents to us affidavits supporting her contentions, they were not presented to the magistrate in consideration of the motion.[1] While the magistrate should have stated briefly his reasons for denying the motion, the affidavits were not before him for consideration.
 
 
 12
 This court will not consider an argument that was not presented below. Maczko v. Joyce, 814 F.2d 308, 310 (6th Cir.), cert. denied, 484 U.S. 828 (1987). Because Neag did not present the other arguments below, we need not consider them.
 
 
 13
 A motion for a new trial is addressed to the discretion of the trial court. We do not disturb the magistrate's decision absent an abuse of discretion. Thomas v. Nuss, 353 F.2d 257, 259 (6th Cir.1965). Unless the record clearly establishes that a party is not entitled to relief, a district court should set forth its findings and conclusions in acting on a dispositive motion. Barksdale v. Emerick, 853 F.2d 1359, 1361-62 (6th Cir.1988). Because the magistrate's conduct was called into question by Neag, we believe it would have been particularly appropriate for the magistrate to make findings of fact regarding this motion.
 
 
 14
 As to the merits of plaintiff's case, we have examined the record carefully to determine whether the magistrate was clearly erroneous in his findings of fact or in error with respect to conclusions of law. Before rendering a memorandum decision in the case, the magistrate noted that plaintiff's counsel, despite requesting an opportunity to submit a written post-hearing argument, had failed to make such a submission despite defendant's filing of a post-trial brief. The magistrate reached an ultimate conclusion that "plaintiff has failed to prove by a preponderance of the evidence that her age or her sex was a factor in her rejection." The magistrate decided, moreover, that defendant's "determinations in those regards was based upon the perceptions of the individuals responsible ... as to plaintiff's qualifications to hold those positions." The magistrate found that plaintiff had undoubted "academic credentials" and accepted (or assumed) that she "was a competent classroom teacher," but found further that these qualifications did not "equate to being the best candidate, or even an acceptable candidate, for an administrative position."
 
 
 15
 Following the magistrate's actions entering judgment for defendant and overruling the plaintiff's motion for a new trial, Neag sought unsuccessfully to have the district court disqualify the magistrate and to vacate the order denying the new trial. The district court properly found itself without jurisdiction to act in view of the prior stipulation that the magistrate try the case and any subsequent appeal be directly to this court. Plaintiff unsuccessfully sought promotions from a teaching position to that of an administrator or assistant principal at junior high or other levels.[2]
 
 
 16
 The magistrate found that a series of superintendents had rejected plaintiff for administrative positions from 1985 through 1987. Defendant admits in its brief, as to the West Junior High position, there was a "failure to follow the contractual procedure which was admitted and corrected by the school board."
 
 
 17
 Even if the magistrate failed to rule specifically on plaintiff's motion for summary judgment, his going forward to trial amounted to an overruling of this motion. This action, or failure to act, certainly did not constitute reversible error. His permission given to defendant to have an extension of time to file a response to plaintiff's motion, we find did not exceed the magistrate's reasonable discretion and also did not constitute error. The selection of Sallie Kumick by defendant Board was procedurally flawed, but the magistrate found that this oversight had no real relationship to either age or sex discrimination. As to this position, filled by Kumick, plaintiff did establish a prima facie case except a showing that plaintiff was as well qualified for this administrative position. Giving plaintiff the benefit of the doubt, however, as to a prima facie showing, we conclude also that plaintiff did not establish as pretextual the reasons given by defendant for its choice of Kumick and other younger persons selected as administrators instead of Neag, who was sixty-two years of age in 1985.[3] (Long before 1985, Neag had been turned down by other supervisors a number of times for transfer to administrative positions). It was not demonstrated that others selected instead of Neag were not substantially qualified as assistant principals, principals, or other administrators, or that there was any pattern as to sex or age.
 
 
 18
 We are buttressed in our decision by the full analysis of plaintiff's charges made by Harold Ferguson, district director of the EEOC, in his 1988 determination concluding that "the evidence of record was unable to substantiate Charging Party's allegations of sex and age discrimination." J/A 22. The EEOC director indicated two separate prior "no cause" determinations with respect to plaintiff's charges, indicating further "[o]ur records do not show a causal connection between those charges and Charging Party's non-selections." (The same conclusion was reached with respect to retaliation charges by plaintiff.)[4] While the determination by the EEOC is by no means conclusive, it is a factor that we may weigh in reaching our decision to affirm. Neag, then, has also been unsuccessful in pursuing her charges against the union and through the administrative process.
 
 
 19
 We must examine charges that the magistrate's conduct precluded plaintiff from receiving a fair trial. Plaintiff and her 72-year-old sister filed somewhat similar affidavits concerning their perception of the magistrate's allegedly improper conduct. They first complain that defendant's counsel emerged from pretrial procedures in a happy mood; plaintiff herself and her attorney charged that one of defendant's attorneys and the magistrate's clerk knew each other and/or went to the same law school. Certainly, neither of these perceptions, even if true, amount to any basis at all for the serious claim of prejudice against the trier of fact. Both also complain that there was no reference by the magistrate to a settlement, which plaintiff thought "was part of a pretrial." Again, these perceptions are of no importance at all in respect to the magistrate's fairness. Next, plaintiff and her sister were of the view that the court clerk and bailiff were unhappy with plaintiff and her counsel--the sister thought them "rude." (Again, no foundation whatever for any claim of unfairness on the part of the magistrate.)
 
 
 20
 Viewing the aforesaid affidavit claims against the magistrate himself, the sisters averred that the magistrate was late on the first day of trial, did not advise them when the court would adjourn, avoided looking at them, and once referring to plaintiff as the "ice princess." None of these observations, assuming them correct, constitute any support for the charge of prejudice.
 
 
 21
 Passing on to further trial activity of the magistrate, affiants asserted that in their view, he improperly evaluated exhibits pertaining to one Susan Ross and did not force defendant to produce certain personnel records until late in trial, and aided the opposition "through questions posed to them [defendant's witnesses]." In addition, the magistrate purportedly shouted at plaintiff and her attorney and would not let the latter present relevant material. (Martha Neag thought defendant produced a "secret" file on her sister, which she thought was "despicable.")
 
 
 22
 When a deeply felt plaintiff's claim is denied by a judicial officer, it is natural that a disappointed litigant, and her family, feel resentment against the decisionmaker and question his motives, and challenge his rulings and activity as being "hostile" or "unfair." Seldom, except in the rare situation, is this kind of personal or subjective evaluation by a litigant of the judge viewed as being other than self-serving or a not unnatural reaction of disappointment. We find no basis for setting aside the trial based on the perceptions of the Neag sisters.
 
 
 23
 We look carefully at a lawyer's charges about misconduct of the magistrate which denied his client a fair trial. To the extent the complaint refers to questioning, or even "cross-examining" witnesses, the trier of fact commits no error in raising inquiries of concern or clarification to a witness especially in a bench trial. Remarks and comments by the magistrate, including the reference to plaintiff as the "ice princess," we do not approve, particularly if it gives the appearance to one side of being something less than impartial and judicious. We note nothing from the record, however, that mandates on this account a new trial. It is true that "continuous commentary and interrogation of plaintiff's witnesses" by a judge may deprive plaintiff of a fair trial in an extreme case. Rocha v. Great American Ins. Co., 850 F.2d 1095 (6th Cir.1988) (emphasis added). Rocha involved "repeatedly interrupting the testimony of [plaintiff's] expert," "taking over the direct examination ... without reason," and "unfairly and prejudicially commenting on the substance of his expert's testimony" by the judge. Id. at 1099. This court described the judge's interrogation as "biased" in this regard in a jury trial. Id. at 1099. Rocha cited at some length from Knapp v. Kinsey, 232 F.2d 458 (6th Cir.), cert. denied, 352 U.S. 892 (1956). We find the conduct of the magistrate here, in any event, to be materially different from that before the court in Rocha and Knapp, and not of such a continuous and obvious pattern to demonstrate hostility and prejudice to plaintiff's case. Compare Aggarwal v. Ponce School of Medicine, 837 F.2d 17 (1st Cir.1988).
 
 
 24
 The magistrate specifically did not abuse his discretion in denying plaintiff's counsel's motion to hold defendant's director of personnel in contempt, and his closing comment made to Mr. Don Tilson (noted in plaintiff's brief at 18, 19), we find to be neither prejudicial nor unfair in light of an explanation of the circumstances given.
 
 
 25
 With respect to the appointment of Sallie Kumick, the record reflects that Petini conceded that Kumick was initially named before her name was posted as the board teacher contract required. Petini explained that Kumick was certified shortly before the appointment, but the actual certificate was not issued until after her appointment. Defendant's counsel maintains he was arbitrarily limited in his cross-examination on this latter subject, but we find that he had asked eight questions of the witness on this subject before the magistrate directed his going to another subject. The Kumick certificate was also placed in evidence. J/A 154-58. We find no real basis for plaintiff's contention that cross-examination was unduly and unfairly limited in this regard, or that plaintiff's own observations about this subject were unfairly precluded. The magistrate, moreover, observed that the posting process was not followed and defendant does not contest this. The main point in this whole issue respecting appointment of Kumick is whether plaintiff has demonstrated that her sex or age played any substantive or material role in the choice of Kumick over Neag, whether or not selection of Kumick met all contractual requirements as to notice and procedure. We find no error in the magistrate's conclusion that plaintiff failed to carry her burden of persuasion in that regard.
 
 
 26
 Plaintiff contends that the examination of her in rebuttal by the magistrate was bullying in nature. The magistrate certainly should take into account the age and sensitivity of plaintiff under the circumstances of this case in examining her. Without ruling that the magistrate's manner was reasonably perceived as bullying, we observe that the testimony in question pertained to damages. Since we hold that plaintiff is not entitled to damages, we find that any error in this regard must be deemed harmless.
 
 
 27
 In sum, we AFFIRM the decision that Neag, a well educated and competent sixty-two-year-old teacher at the beginning of the period in question, has not demonstrated that age or sex discrimination played a real role in defendant's selection of others for supervisory positions that plaintiff sought. To some extent, subjective considerations come into play in school decisions concerning choice of principals and assistant principals. So long as plaintiff has not persuaded the trier of fact that school district officials did not act for invalid reasons relevant to sex or age, and where defendant has persuaded the court, through competent evidence, that reasons given for selection were based on education and merit consideration, plaintiff cannot prevail despite competence, seniority, and educational background. We have not found a basis for reversible error, and we accordingly AFFIRM the decision on the merits.
 
 
 28
 Having ruled on the merits of the claim, we return to the action of the magistrate in denying the motion for a new trial. We are persuaded that it is best to REMAND that matter to the magistrate for at least a brief but reasoned explanation for his action in overruling the motion for a new trial, since it was directed to the magistrate's own actions and motivations allegedly unfairly and improperly directed against plaintiff and her counsel at trial.
 
 
 
 *
 THE HONORABLE HARRY W. WELLFORD took senior status effective January 21, 1991
 
 
 **
 THE HONORABLE THOMAS A. BALLANTINE, JR., Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The party making a motion for a new trial if submitting affidavits in support thereof, must serve them with the motion. Fed.R.Civ.Pro. 59(c)
 
 
 [2]
 The magistrate found that the average age of the majority of those selected for administrative positions during the period in question was 48 years of age and the average age of all administrators to exceed forty. He found that five of the fourteen appointed as administrators were female
 
 
 [3]
 Neag retired in 1989 when she was almost sixty-six
 
 
 [4]
 The EEOC director's determination also reflected that "Charging Party did not allege a basis of discrimination covered by our laws in her union grievances."